IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 24 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01388-BNB

PAUL A. MITCHELL,

    Plaintiff,

v.

CHERYL HARA,
D. RICO MANN,
ROSEMARY McCOOL, and
COLORADO PHYSICIAN HEALTH PROGRAM,

    Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff Paul A. Mitchell currently resides in Ocoee, Florida. On June 23, 2008, Mr. Mitchell submitted to the Court a *pro se* Complaint. Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil complaint and instructed Plaintiff to submit his claims on a Court-approved form. On July 11, 2008, Mr. Mitchell filed an Amended Complaint in keeping with Magistrate Judge Boland's instructions.

The Court must construe the Amended Complaint liberally because Mr. Mitchell is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Amended Complaint and the action.

Mr. Mitchell sets forth eleven claims. He seeks declaratory and injunctive relief and money damages. Overall, Mr. Mitchell asserts that Defendants have violated his constitutional rights under 42 U.S.C. § 1983 and have violated § 24-4-106(8) of the

Administrative Practice Act (APA) of Colorado. Specifically, Plaintiff contends that Defendants are not entitled to absolute immunity in issuing an order to suspend his medical license in the State of Colorado. Plaintiff further asserts that Defendants Cheryl Hara, D. Rico Munn, and Rosemary McCool are not members of the Colorado State Board of Medical Examiners but are administrators of the Board of Medical Examiners, which is a government agency. Plaintiff further states that Defendant Colorado Physician Health Program (CPHP) is a private, non-governmental organization.

Mr. Mitchell was instructed in the previous case he filed with this Court, *Mitchell v. Hara*, No. 07-cv-02637-ZLW (D. Colo. Mar. 4, 2008) (unpublished), in which he also challenged the suspension of his medical license in Colorado, that Defendant Hara is entitled to absolute immunity pursuant to *Horwitz v. State Board of Medical Examiners of the State of Colorado*, 822 F.2d 1508 (10th Cir. 1987). He now argues, however, that because Defendants Hara, Munn, and McCool are not members of the Board of Medical Examiners they are not entitled to absolute immunity.

Contrary to Mr. Mitchell's assertions, Defendants Hara, Munn, and McCool are subject to absolute immunity for the role that Mr. Mitchell asserts they played in suspending his medical license. *See Butz v. Economou*, 438 U.S. 478 (1978); *see also Horwitz*, 822 F.2d at 1514. In issuing the order of suspension against Plaintiff, Defendants Hara, Munn, and McCool's acts are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)),

2

*cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Defendants Hara, Munn, and McCool, therefore, are inappropriate parties to this action.

As stated above, Mr. Mitchell asserts that Defendant CPHP is a private organization and is unaffiliated with the state. Pursuant to 42 U.S.C. § 1983, Mr. Mitchell must allege that CPHP has violated his rights under the Constitution and laws of the United States while he acted under color of state law. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). The only proper defendants in a § 1983 action are those who " 'represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.' " *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Mr. Mitchell, however, alleges that Defendants Hara and CPHP conspired to violate his constitutional rights by agreeing to manufacture evidence that he suffered from a condition that prevented him from practicing medicine safely. To the extent that Mr. Mitchell is seeking to establish state action by Defendant CPHP in alleging CPHP conspired with Defendant Hara, mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient. *Scott v. Hern*, 216 F.3d 897, 907 (10th

Cir. 2000) (citations omitted). The pleadings must present specific facts that show agreement and concerted action by the defendants. *Id.*

Mr. Mitchell asserts, in support of his conspiracy claim, that Defendants Hara and CPHP conspired when they set an impossible response deadline by which he was to respond to the complaint filed against him with the Board of Medical Examiners. Plaintiff further asserts Defendants Hara and CPHP conspired to conceal, obfuscate, and manufacture evidence that falsely misrepresented the facts before the Inquiry Panel of the Board of Medical Examiners.

Mr. Mitchell's conspiracy claims are conclusory and fail to provide any supporting factual assertions. Nothing in Plaintiff's allegations demonstrates any agreement or concerted action by Defendants Hara and CPHP to conspire against Mr. Mitchell. Because Mr. Mitchell does not assert a proper conspiracy claim, the Court finds that Defendant CPHP did not act under color of state law. Therefore, CPHP is an inappropriate party to the action.

As for Mr. Mitchell's claims asserted pursuant to § 24-4-106(8) of the APA of Colorado, the Court declines to exercise supplemental jurisdiction over these state law claims because the claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this 23 day of July, 2008.

BY THE COURT:

Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01388-BNB

Paul A. Mitchell
2322 Blackjack Oak Street
Ocoee, FL 34761

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/24/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk